NORMAN v. NORMAN.

(Court of Appeals of District of Columbia. Submitted December 9, 1925. Decided January 4, 1926.)

No. 4264.

Divorce ⟨⟩130—Evidence held to warrant divorce on ground of extreme cruelty.

Evidence *held* sufficient to warrant limited divorce on ground of extreme cruelty.

Appeal from the Supreme Court of the District of Columbia.

Suit for divorce by Adele Cooke Norman against Stanton R. Norman. Decree for the plaintiff, and defendant appeals. Affirmed.

W. G. Gardiner and J. W. Tomlinson, both of Washington, D. C., for appellant.

J. A. Rafferty and P. H. Marshall, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court, granting a limited divorce, together with permanent alimony to the appellee, Adele Cooke Norman, from her husband, Stanton R. Norman, the appellant, upon the ground of extreme cruelty. The decree provided also for the custody of a minor son of the parties, together with an allowance for his support. The bill which was first filed by the wife charged her husband with various acts and utterances of extreme cruelty toward her, and prayed for a limited divorce, with alimony. The husband answered denying the charges. Before the cause came on for trial, the wife filed a supplemental bill, charging her husband with adultery. This charge also was denied by the husband.

At the trial the wife first submitted the charge of adultery to the court, supported by the testimony of four detectives. The husband then testified in his own behalf respecting that issue. Whereupon the court denied the prayer for an absolute divorce upon that ground, but proceeded to hear further testimony relating to the charge of extreme cruelty. Upon the conclusion of this testimony the court, upon a consideration of all the evidence in the case, granted a limited divorce to the wife upon the ground of extreme cruelty. This appeal followed.

The argument of the appellant in this court is not directed against the rulings of the lower court upon any question of law arising at the trial, but rests solely upon the contention that the decree is not supported by the evidence and is wholly contrary to its proper import and effect.

At the trial the wife testified to various physical assaults made upon her by her husband, and to many outbreaks of violent temper upon his part towards her, accompanied by angry and obscene language uttered in her presence and before others. According to her testimony, this conduct of her husband, had continued for many years, not only depriving her of peace and comfort, but also causing serious injury to her health. This testimony, if credited, justified the decree of the lower court. Her testimony was corroborated by other witnesses.

The husband, it is true, denied or qualified the statements of the wife; but the court nevertheless accepted her testimony as true and ruled accordingly. Doubtless the court was influenced to some extent by the fact that the testimony relating to the charge of adultery, while not sufficient to base a decree upon it, reflected very unfavorably upon the conduct of the husband, and seriously affected his credibility as a witness at the trial. We think that the conclusions of the lower court are not contrary to the evidence.

The decree of the lower court is therefore affirmed, with costs.